# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| ANTHONY ROBERT KORWIN, Petitioner, v. PEOPLE, Respondents. | Case No.: 20cv2345 GPC (BGS)<br><br>**ORDER:**<br>**(1) DISMISSING CASE WITHOUT PREJUDICE AND WITH LEAVE TO AMEND;**<br><br>**(2) NOTIFYING PETITIONER OF OPTIONS** |
|---|---|

On December 1, 2020, Petitioner, proceeding pro se, filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. Petitioner has paid the $5.00 filing fee.

## FAILURE TO NAME A PROPER RESPONDENT

Review of the Petition reveals that Petitioner has failed to name a proper respondent. On federal habeas, a state prisoner must name the state officer having custody of him as the respondent. *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996) (citing Rule 2(a), 28 U.S.C. foll. § 2254). Federal courts lack personal jurisdiction when a habeas petition fails to name a proper respondent. *See id*.

The warden is the typical respondent. However, "the rules following section 2254 do not specify the warden." *Id*. "[T]he 'state officer having custody' may be 'either the warden of the institution in which the petitioner is incarcerated . . . or the chief officer in

1 charge of state penal institutions.'" *Id.* (quoting Rule 2(a), 28 U.S.C. foll. § 2254 advisory committee's note).  If "a petitioner is in custody due to the state action he is challenging, '[t]he named respondent shall be the state officer who has official custody of the petitioner (for example, the warden of the prison).'" *Id.* (quoting Rule 2, 28 U.S.C. foll. § 2254 advisory committee's note).  However, if a "petitioner is on probation or parole, he may name his probation or parole officer 'and the official in charge of the parole or probation agency, or the state correctional agency, as appropriate.'" *Id.* (quoting Rule 2, 28 U.S.C. foll. § 2254 advisory committee's note).

A long standing rule in the Ninth Circuit holds "that a petitioner may not seek [a writ of] habeas corpus against the State under . . . [whose] authority . . . the petitioner is in custody.  The actual person who is [the] custodian [of the petitioner] must be the respondent." *Ashley v. Washington*, 394 F.2d 125, 126 (9th Cir. 1968).  This requirement exists because a writ of habeas corpus acts upon the custodian of the state prisoner, the person who will produce "the body" if directed to do so by the Court.  In order for this Court to entertain a Petition for Writ of Habeas Corpus, Petitioner must name the person who will produce "the body" if directed to do so by the Court.  Because Petitioner is on parole, proper respondents are his parole officer and the official in charge of the parole agency.  *See Ortiz-Sandoval*, 81 F.3d at 894.  In California, the Director of the Department of Corrections is the official in charge of the parole agency.  *See In re Lusero*, 4 Cal. App. 4th 572, 576 (1992) ("During the period of parole following incarceration, an inmate continues in the custody of the department.").  Petitioner has not named his parole agent or the Secretary of the California Department of Corrections and Rehabilitation.

### FAILURE TO ALLEGE EXHAUSTION AS TO ALL CLAIMS

The exhaustion requirement is satisfied by providing the state courts with a "fair opportunity" to rule on Petitioner's constitutional claims.  *Anderson v. Harless*, 459 U.S. 4, 6 (1982).  In most instances, a claim is exhausted once it is presented to a state's highest court, either on direct appeal or through state collateral proceedings.  *See*

*Sandgathe v. Maass*, 314 F.3d 371, 376 (9th Cir. 2002).  The constitutional claim raised in the federal proceedings must be the same as that raised in the state proceedings.  *See id*.  Here, Petitioner has indicated in his Petition that while claim one is exhausted, claims one, two and three have not been presented to the California Supreme Court and those claims appear to be unexhausted.  Thus, the Petition contains both exhausted and unexhausted claims and is considered "mixed."  (See Pet., ECF No. 1 at 7-9.)  In order for the Court to entertain the Petition, Petitioner must choose one of the following options:

### i)  First Option:  Demonstrate Exhaustion

Petitioner may file further papers with this Court to demonstrate that he has in fact exhausted the claims the Court has determined are likely unexhausted.  If Petitioner chooses this option, his papers are due **no later than February 8, 2021**.  Respondent may file a reply by **March 8, 2021**.

### ii)  Second Option:  Voluntarily Dismiss the Petition

Petitioner may move to voluntarily dismiss his entire federal petition and return to state court to exhaust his unexhausted claims.  Petitioner may then file a new federal petition containing only exhausted claims.  *See Rose v. Lundy*, 455 U.S. 509, 510, 520-21 (stating that a petitioner who files a mixed petition may dismiss his petition to "return[] to state court to exhaust his claims").  If Petitioner chooses this second option, he must file a pleading indicating his intention with this Court **no later than February 8, 2021**.  Respondent may file a reply by **March 8, 2021**.

Petitioner is cautioned that any new federal petition must be filed before expiration of the one-year statute of limitations.  Ordinarily, a petitioner has one year from when his conviction became final to file his federal petition, unless he can show that statutory or equitable "tolling" applies.  *Duncan v. Walker*, 533 U.S. 167, 176 (2001); 28 U.S.C. § 2244(d).  The statute of limitations does not run while a properly filed state habeas corpus petition is pending.  28 U.S.C. § 2244(d)(2); *see Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999).  *But see Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (holding that "an

application is 'properly filed' when its delivery and acceptance [by the appropriate court officer for placement into the record] are in compliance with the applicable laws and rules governing filings."); *Bonner v. Carey*, 425 F.3d 1145, 1149 (9th Cir. 2005) (holding that a state application for post-conviction relief which is ultimately dismissed as untimely was neither "properly filed" nor "pending" while it was under consideration by the state court, and therefore does not toll the statute of limitations), as amended 439 F.3d 993.  However, absent some other basis for tolling, the statute of limitations continues to run while a federal habeas petition is pending.  *Duncan*, 533 U.S. at 181-82.

### iii) Third Option:  Formally Abandon Unexhausted Claims

Petitioner may formally abandon his unexhausted claims and proceed with his exhausted ones.  *See Rose*, 455 U.S. at 510, 520-21 (stating that a petitioner who files a mixed petition may "resubmit[] the habeas petition to present only exhausted claims").  If Petitioner chooses this third option, he must file a pleading indicating his intention with this Court **no later than February 8, 2021**.   Respondent may file a reply by **March 8, 2021**.

Petitioner is cautioned that once he abandons his unexhausted claims, he may lose the ability to ever raise it/them in federal court.  *See Slack v. McDaniel*, 529 U.S. 473, 488 (2000) (stating that a court's ruling on the merits of claims presented in a first § 2254 petition renders any later petition successive); *see also* 28 U.S.C. § 2244 (a)-(b).

### iv) Fourth Option: File a Motion to Stay the Federal Proceedings

Petitioner may file a motion to stay this federal proceeding while he returns to state court to exhaust his unexhausted claim(s).  *Rhines v. Webber*, 544 U.S. 269 (2005); *Jackson v. Roe*, 425 F.3d 654 (9th Cir. Sept. 23, 2005).  Petitioner is notified that in order for the Court to grant a stay and abeyance, he must demonstrate there are arguably meritorious claims which he wishes to return to state court to exhaust, that he is diligently pursuing his state court remedies with respect to those claims, and that good cause exists for his failure to timely exhaust his state court remedies.  *Rhines*, 544 U.S. at 277-78.  If

Petitioner chooses this fourth option, he must file a pleading with this Court **no later than February 8, 2021**.  Respondent may file a reply by **March 8, 2021**.

### CONCLUSION

The Petition is **DISMISSED** without prejudice and with leave to amend because Petitioner has failed to name a proper Respondent.  In addition, the Court **NOTIFIES** Petitioner that he has filed a Petition that contains both exhausted and unexhausted claims.  Accordingly, if Petitioner wishes to proceed with this case he must, **no later than February 8, 2021**, (1) file a First Amended Petition that names a proper Respondent and alleges exhaustion as to all claims in the Petition; OR (2) file a First Amended Petition that names a proper Respondent and choose one of the options outlined above.

If Petitioner fails to respond to this Order, the case will remain dismissed.

**IT IS SO ORDERED.**

Dated:  December 3, 2020

Hon. Gonzalo P. Curiel
United States District Judge